■ In the Matter of MICHAEL A. ALVARO, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.—Respondent was admitted to the bar by this court on March 8, 1962. Petitioner moves to confirm the report of the Referee which sustained the following charges of professional misconduct against respondent: three charges of neglecting personal injury matters, misleading his clients and, in two instances, ignoring numerous requests as to the status of the matters; two charges of temporary conversion of moneys belonging to clients and, in one case, misleading a client and ignoring numerous requests as to the status of the moneys; and single charges of failing to furnish a client with a closing statement in a real property transaction and ignoring numerous requests and misleading a client with respect to the statement; neglecting a matrimonial proceeding and misleading a client as to the matter; neglecting a real property matter and the probate of a will and ignoring numerous requests and misleading a client as to the status of the matters; indorsing a check without his client's permission; failing to co-operate with petitioner's Committee on Grievances in its investigation of inquiries concerning his professional conduct; and misusing his office of notary public by knowingly executing a false affidavit of service of a summons and deceiving the court and the parties as to service of the summons. The record supports the Referee's findings and the motion to confirm the Referee's report is granted. While respondent appeared at the hearing before the Referee, he did not submit any papers in opposition to petitioner's motion to confirm the Referee's report and, although given an opportunity to appear before the court, he has not done so. In determining the measure of discipline to be imposed upon respondent for his misconduct, we have taken into consideration the mitigating factors present in the record, including the fact that the converted moneys were repaid. Under the circumstances, we conclude that respondent should be suspended from the practice of law for a period of six months and thereafter until the further order of this court. Respondent suspended for a period of

six months, the date of commencement to be fixed in the order to be entered hereon. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.